IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| WILLIAM H. SWARTZ and DIANE C. PACE, as Trustees of the WILLIAM H. SWARTZ and DIANE C. PACE TRUST,<br><br>                    Plaintiffs,<br>     v.<br><br>KAREN FORD TURNER and MONTY TURNER, individuals,<br><br>                    Defendants. | Case No. 1:14-cv-00597<br><br>**REPORT & RECOMMENDATION** |

CLARKE, Magistrate Judge.

Plaintiffs William H. Swartz and Diane C. Pace (collectively "plaintiffs") assert claims for common law and statutory waste under ORS 105.805 (#4). The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship

Page 1 – REPORT & RECOMMENDATION

between the parties and the amount in controversy exceeds $75,000. This matter comes before the Court on a Motion to Dismiss (#9) filed by defendants Karen Ford Turner and Monty Turner (collectively "defendants"). Defendants' motion also includes a request for attorney fees. For the reasons below, defendants' motion should be GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiffs were trustees of the William H. Swartz and Diane C. Pace Trust. Plf. Am. Comp. ¶ 1. The trust owned real property, identified as 31725 Old Coast Road, Gold Beach, Oregon. Id. The property is located in Curry County, Oregon. Id. The trust leased the property to the defendants as individuals and as husband and wife pursuant to a contractual agreement entered into on October 17, 2008. Id. at ¶¶ 2–3. Defendants moved into the premises around October, 2008 and lived there until May, 2011. Id. at ¶ 3. At all relevant times, defendants were tenants in possession of the real property. Id. at ¶ 6. At some point after defendants vacated the property, plaintiffs discovered property damages allegedly caused by defendants. Id. ¶ at 7. Plaintiffs contend that, as tenants of the real property, defendants had a duty to keep the property maintained in generally good repair and in the same condition that the property was in upon the tenants taking possession, except normal wear and tear. Id. at ¶ 9. Plaintiffs, therefore, contend that defendants' failure to maintain the property constitutes waste. Id. Plaintiffs claim that defendants have caused $29,874.00 in real property damages. Id. at ¶ 12. Plaintiffs contend that ORS 105.805, which regulates waste, entitles them to treble damages. Id. at ¶ 11. Thus, plaintiffs seek $89,622.00 in damages. Id. at ¶¶ 13.

Prior to filing this claim, plaintiffs initiated an action in the small claims division of the Curry County Circuit Court in Gold Beach, Oregon on October 17, 2013. Def. Ex. H, p. 1–3. The Curry County suit sought payment of money pursuant to an amendment to the lease made on

March 1, 2010. Id.; Def. Ex. C, p. 1–5. Plaintiffs' claim was for $9,198.98.[1] Def. Ex. H, p. 1. The matter went to trial on January 22, 2014, where the court ruled for defendants and entered a general dismissal. Def. Ex. J, p.1.

The lease agreement, drafted by plaintiffs' counsel, contains a forum selection clause, stating in relevant part, "[e]ach of the parties hereby irrevocably submits to the jurisdiction of the courts of Curry County, Oregon, and agrees that any legal proceedings with respect to this Agreement shall be filed in the appropriate court in Curry County, Oregon." Ex. A, p.11, ¶ 30.

## STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Id. (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010). In

---

[1] Defendants purportedly owed plaintiffs $22,000 plus 6% interest per annum. Defendants had made a partial payment of $15,709.02. Def. Ex. H., p. 1. The $9,198.98 prayer sought by plaintiffs was the amount defendants allegedly still owed plaintiffs. Id.

evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. Odom v. Microsoft Corp., 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted).

In general, a court cannot consider any material outside of the pleadings when ruling on a motion to dismiss unless the motion is treated as one for summary judgment and the parties are "given reasonable opportunity to present all materials made pertinent to such motion by Rule 56." Jacobson v. AEG Capital Corp., 50 F.3d 1493, 1496 (9th Cir. 1995) (citing Fed. R. Civ. P. 12(b)). There are, however, two exceptions to this rule.

First, a court may consider "material which is properly submitted as part of the complaint." Lee v. Cnty. of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). A document is not "outside" the complaint if the complaint specifically refers to the document, its authenticity is not in question, and the plaintiff's complaint necessarily relies on it. Id. Second, under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice, on its own or at a party's request, of "matters of public record." Lee, 250 F.3d at 689. Rule 201 allows judicial notice of a fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). For instance, a court may take judicial notice of complaints and briefs filed in another case to determine what issues were litigated before that court. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

## DISCUSSION

As a preliminary matter, plaintiffs object to defendants moving under Rule 12(b) and then presenting evidence in the form of an affidavit of defendant Karen Ford Turner and documentary

exhibits. Plf. Resp., p. 1–2. However, plaintiffs' objection is unwarranted. The only documentary exhibits that the Court has considered outside of the pleadings are the parties' lease agreement, amendments to the lease agreement, and the court documents from plaintiffs' first complaint in Curry County. These documents are matters of public record, their authenticity is not questioned, and the Court may take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence. This Court will, therefore, consider defendants' motion to dismiss pursuant to Rule 12(b).

Defendants argue that plaintiffs' claim should be dismissed for two reasons. First, that the language of the lease agreement's forum selection clause unambiguously mandates that any claims concerning the lease agreement be brought in Curry County. Def. Mot., p. 10. Therefore, defendants assert that the case must be dismissed because it is filed in contravention of the forum selection clause. Id. Second, that plaintiffs' claim filed in this Court is barred by claim preclusion because plaintiffs have already brought suit against the defendants in Curry County concerning the tenancy at issue here. Id. at 5.

I. **Forum Selection Clause**

Federal law applies to the enforcement and interpretation of forum selection clauses. Manetit-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988). "Because forum selection clauses are presumptively valid, they should be honored 'absent some compelling and countervailing reason.' . . . The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (internal citations omitted; quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12, 15 (1972)). Additionally, "when two or more competing, plausible

interpretations prove to be reasonable after all other methods for resolving the dispute of the meaning [or applicability of] [the forum selection clause] fail, then the rule of interpretation against the drafter of the language becomes applicable, because ambiguity cannot be permitted to survive. It must be resolved." Hoffman Constr. Co. v. Fred S. James & Co., 313 Or. 464, 470–71 (1992); see also Barnes v. Indep. Auto. Dealers Ass'n of Cal. Health & Welfare Benefits Plan, 64 F.3d 1389, 1393 (9th Cir. 1995) (ambiguities to be construed against the drafter).

Plaintiffs do not dispute the validity of the forum selection clause. Ptf. Resp., p. 5. Plaintiffs argue, however, that the forum selection clause does not apply because the present claim is for statutory and common law waste and it exists independently of any legal proceeding with respect to the lease agreement. Id. at 6–7. Plaintiffs further assert that resolution of the tort claim does not require interpretation of the lease agreement. Id.; see also Manetti-Farrow, 858 F.2d at 514 ("Whether a forum selection clause applies to tort depends on whether resolution of the claims relates to interpretation of the contract."). Defendants assert that while waste may be a tort, the lease agreement was the source of the duty owed by defendants to plaintiffs and was the sole reason defendants had a relationship with plaintiffs. Plf. Rep., p. 9.

In this case, there is no allegation that defendants would have been using plaintiffs' real property had it not been for the lease agreement between plaintiffs and defendants. In other words, but for the lease agreement, plaintiffs' cause of action for statutory and common law waste against defendants would not exist. In Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 203 (3rd Cir. 1983) overruled on other grounds by Lauro Lines S.R.L. v. Chasser, 490 U.S. 495, 109 S.Ct. 1976 (1989), the court determined that because the "basic source" of the duty was a contract, the forum selection clause of the contract was applicable. See also Manetti-Farrow, 858 F.2d at 514 n.5 (stating that the forum selection clause contained in the contract

applies to defendants whose relationship is closely related to the contractual relationship). The Court finds this principle instructive. As stated, defendants would not have been using plaintiffs' real property and, therefore, would not have been capable of committing waste on plaintiffs' real property had it not been for the lease agreement. Thus, the basic source of defendants' duty not to commit waste originated from the lease agreement. As a result, the forum selection should be enforced and plaintiffs should have filed this case in Curry County.

## II.  Claim Preclusion

Because the Court finds that the forum selection clause applies and that plaintiffs' claim should have been brought in Curry County, the Court declines to consider defendants' argument that plaintiffs' claim is barred by claim preclusion.

## III.  Attorney Fees

The parties' lease agreement provides for prevailing party attorney fees "in connection with any controversy arising out of this Agreement." Def. Mot., p. 15; Ex. A, p. 11, ¶ 30.  As discussed above, the forum selection clause applies to the contract. Therefore, Oregon state law applies to the terms, including the attorney fee provision. Oregon law states:

> In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements, without regard to whether the prevailing party is the party specified in the contract and without regard to whether the prevailing party is a party to the contract.

Or. Rev. Stat. § 20.096. The "prevailing party" is "the party who receives a favorable judgment or arbitration award on the claim." Or. Rev. Stat. § 20.077. Because the case should be dismissed without prejudice on the basis of the forum selection clause, and not on the substantive merits of the claim, the Court does not find that the defendants are a "prevailing party" in this

instance. Therefore, the defendant is not entitled to attorney fees, and this part of the motion should be denied.

## CONCLUSION

The parties' forum selection clause requires all claims with respect to the lease agreement to be filed in Curry County. Plaintiffs filed their claim for statutory and common law waste in contravention of the parties' agreed upon forum selection clause. Plaintiffs' claim should be dismissed without prejudice.

## RECOMMENDATION

For the reasons stated above, the Court recommends defendants' motion (#9) be GRANTED in part and DENIED in part. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

This Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from the date of this opinion. If objections are filed, any response to the objections are due fourteen (14) days after the date of the objections. See Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this 10 day of September, 2014.

_____
MARK D. CLARKE
United States Magistrate Judge